## 48704. OWENS v. THE STATE.

EBERHARDT, Presiding Judge. R. E. Owens engaged in a meretricious relationship with Mrs. Marie Howard, who had borne his illegitimate child, spent much of his time in her home, where she lived with her daughters, including the child sired by defendant. The defendant testified that when he went to Mrs. Howard's home on the evening of December 8, he had $500 in his billfold and that at some time that evening she took it. He demanded its return, but she would not — denying that she had it.

When one of the daughters, Connie, came in about 10:30 p. m. her mother had a pistol which she had taken from the defendant. He was still demanding his money, and threatening that if she did not return it he would "blow her brains out." He went out to his car and got a shotgun, brought it into the house and tried to cock it but failed. Mrs. Howard got the shotgun and took it upstairs and placed it behind the door of her bedroom.

The next morning defendant was again demanding the return of his money, saying to Mrs. Howard, "You don't have to steal from me; I don't like anybody taking anything out of my pocket." He went upstairs and got the shotgun and returned with it, again demanding the money and threatening to shoot her if she didn't give it to him. She went to the refrigerator, got a can of beer and returned to the room where defendant was, and said to defendant "There's your money on the cabinet there." Defendant took his billfold, counted the money and charged that it contained only $420, whereas he had had $500 in it. "That's all you had and all you are going to get, " she replied, "I'm tired. You don't act like no man. You ain't never hit me. You better not say nothing about the money no more." The defendant then asserted, "You know you stole my money, you ain't nothing but a rogue." Whereupon, she replied, "I told you not to say nothing about that money no

more," and threw the can of beer at him. As she did so, he shot Mrs. Howard with the shotgun, inflicting fatal injury.

Defendant was indicted for murder and convicted of the lesser offense of voluntary manslaughter. Defendant appeals, enumerating as error, (1) the general grounds, (2) failure to charge his request No. 13 relative to the law of accident as it might apply to the facts, (3) failure to charge the law relating to the two grades of manslaughter as set forth in Code Ann. § 26-1103, and (4) charging relative to voluntary manslaughter because, as he contends, there was no evidence to authorize it. *Held:*

1. The general grounds are without merit. The evidence amply authorized the verdict. Code Ann. § 26-1103; *Young v. State,* 10 Ga. App. 116 (72 SE 935); *Wilkerson v. State,* 95 Ga. App. 756 (98 SE2d 587); *Mack v. State,* 63 Ga. 693, 696. The mere fact that the decedent was pursuing an illegal course of action in retaining defendant's money, or in throwing the can of beer at him, does not constitute justification for homicide. *Perry v. State,* 102 Ga. 365 (10) (30 SE 903); *Shafer v. State,* 193 Ga. 748, 756 (20 SE2d 34).

His constant threats against the decedent to "blow her brains out," with a gun that he had obtained from his automobile the previous evening, and which he had obtained from upstairs on that morning, while accusing her of stealing his money, amply authorize a finding that the shooting was voluntary and intentional, not involuntary or unintentional. Enumerations of error 1 and 4 are without merit.

2. The requested charge No. 13 on accident or misfortune was given in the general charge and in substantially the language of the request. Though the facts do not support a theory of accident, defendant requested a charge on that theory, got it, and he cannot complain. Enumeration No. 2 is without merit.

3. Enumeration of error No. 3, asserting a failure of the court to charge the law of involuntary manslaughter as set out in Code Ann. § 26-1103 (b) is without merit. A reading of the charge reveals that the provisions of this section were included in the general charge. Additionally, the provisions of Code Ann. § 26-1103 (a) were charged.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED OCTOBER 9, 1973 — DECIDED OCTOBER 17, 1973.

*Garland & Garland, Edward T. M. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris H. Rosenberg, Carter Goode,* for appellee.